# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZACARIAS GONSALES, | ) | CASE NO. 1:09-cv-02149 LJO  GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT, WITH |
| | ) | LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) | WITHIN THIRTY DAYS |
| | ) | |
| MATTHEW CATE, et al., | ) | (Doc. 1) |
| | ) | |
| Defendants. | ) | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1   Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.    Plaintiff's Claim

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against the following individual defendants: Matthew Cate, Director of the CDCR; James Hartley, Warden at Avenal State Prison; Captain Guinn, Facility IV Captain at Avenal State Prison. Plaintiff's claim stems from an assault on Plaintiff by another inmate at Avenal.

On September 25, 2009, while standing in the dayroom in housing unit 430, Plaintiff was attacked by another inmate. Plaintiff blacked out, and hit his head on the concrete floor. (Compl. ¶ IV.) Plaintiff alleges that "for at least 7 minutes," the floor officers made no attempt to remove the attacking inmate from the immediate area, or to place him in restraints. As a result of his injuries, Plaintiff was transferred to an outside hospital. (Compl. ¶ VI.) Plaintiff alleges that it is

"well known" that the attacking inmate had been moved "from building to building because of repeated unprovoked attacks on different inmates." (Compl. ¶ VII.)

Plaintiff claims that defendants, by virtue of their positions, are liable for the assault on Plaintiff. Plaintiff alleges that "this attack on my person could have been avoided if the proper CDC rules and guidelines were followed pertaining to inmates with a documented assaultive and aggressive behavior." (Compl. ¶ V.)

### A.    Eighth Amendment

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff may not allege facts indicating that he was attacked, and then hold defendants liable on the theory that they should have known of the danger. Plaintiff must allege specific facts indicating that each of the named defendants knew of the harm to Plaintiff and acted with disregard to that harm. Plaintiff must charge defendants with conduct that caused him injury.

Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts

indicating that any of the named defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

4

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 8, 2010**         /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE