1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZACARIAS GONZALES, | ) | CASE NO. 1:09-cv-02149 LJO  GSA PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | CERTAIN CLAIMS AND DEFENDANTS |
| v. | ) | BE DISMISSED |
| | ) | |
| MATTHEW CATE, et al., | ) | OBJECTIONS DUE IN THIRTY DAYS |
| | ) | |
| Defendants. | ) | |
| | / | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against the following individual defendants: James Hartley, Warden at Avenal State Prison; Captain Guinn, Facility IV Captain at Avenal State Prison, Sergeant Recio; Sergeant Grubb.  Plaintiff's claim stems from an assault on Plaintiff by another inmate at Avenal.

On September 25, 2009, while standing in the dayroom in housing unit 430, Plaintiff was attacked by another inmate. (Am Compl. ¶ 10.)  Plaintiff alleges that "for approximately 7 minutes," the floor officers made no attempt to remove the attacking inmate from the immediate area, or to place him in restraints.  (Am. Compl. ¶ 13.)  As a result of his injuries, Plaintiff was transferred to an outside hospital.  (Compl. ¶ 14.)

1    Plaintiff claims that defendants, by virtue of their positions, are liable for the assault on

2    Plaintiff.  Plaintiff alleges that Defendant Warden Hartley failed to properly train Defendants Guinn,

3    Grubb, and Recio.  Specifically, Plaintiff alleges that Hartley failed to train Guinn, Grubb and Recion

4    "to reasonably protect Plaintiff from the threat of violence as well as the violent act perpetrated upon

5    Plaintiff by Inmate Hyman."  (Am. Compl. ¶ 15.)

6    **A.    Failure to Train**

7    As to Plaintiff's specific allegations of failure to train, in City of Canton, Ohio v. Harris, 489

8    U.S. 378 (1989), which is cited by defendants in their motion, the Supreme Court held that, under

9    certain circumstances, a municipality may be held liable based on the failure to train its employees.

10   This court finds no authority for the extension of City of Canton and its progeny to a state prison

11   official being sued in his personal capacity.  It appears to this court, following a review of the

12   relevant case law, that the cases involving failure to train are limited to suits against city and county

13   entities.  The Court will address Plaintiff's allegations under theory of supervisory liability below.

14   **B.    Supervisory Liability**

15   Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions

16   personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th

17   Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her

18   own misconduct.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held

19   liable for the constitutional violations of his or her subordinates only if he or she "participated in or

20   directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List,

21   880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009);

22   Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007);

23   Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff has not alleged any facts

24   indicating that any of the named defendants "participated in or directed the violations, or knew of

25   the violations and failed to act to prevent them."

26   As noted above, in order to hold Warden Hartley liable, Plaintiff must allege facts from

27   which the inference could be drawn that a substantial risk of serious harm exists, and facts indicating

28   that Wardeny Hartley drew the inference."  Farmer, 511 U.S. at 837.  Here, Plaintiff alleges that he

was assaulted, and that Hartley and the other defendants should have known of the risk.  Plaintiff has not alleged any facts indicating how Defendant Hartley knew of the risk.  He should therefore be dismissed.

### C.   Eighth Amendment

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837.

Plaintiff may not allege facts indicating that he was attacked, and then hold defendants liable on the theory that they should have known of the danger.  Plaintiff must allege specific facts indicating that each of the named defendants knew of the harm to Plaintiff and acted with disregard to that harm.  Plaintiff must charge defendants with conduct that caused him injury.  A single incident of an assault on Plaintiff, with no other allegations, fails to satisfy that standard.  Plaintiff alleges no facts indicating that Defendants Recio or Grubb  knew of and disregarded a serious risk to Plaintiff's safety.

### III.   Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that, as to Defendants Hartley, Grubb, and Recio, the first amended complaint does does not state any claims upon which relief may be granted under section 1983.   On November 8, 2010, an order was entered, advising Plaintiff of these same deficiencies in the original complaint, and granting Plaintiff leave to file an amended complaint.   The Court finds that Plaintiff has not cured the deficiencies as to these defendants.  Plaintiff re-states the allegations of the original complaint, adding Sergeant Grubb as a defendant.  Plaintiff has not, however, alleged any facts indicating that Defendants Hartley, Recio or Grubb knew of and disregarded a serious risk to Plaintiff's safety.   Plaintiff has been provided

1  with the opportunity to file an amended complaint that cures the deficiencies identified by the Court

2  in the November 8, 2010, order. Plaintiff has failed to do so.  The Court will therefore recommend

3  dismissal of these defendants without further leave to amend.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-

4  49 (9th Cir. 1987).

5         Accordingly, IT IS HEREBY RECOMMENDED that Defendants Recio, Hartley and Grubb

6  be dismissed, and Plaintiff's failure to train claim be dismissed.

7         These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty

9  days after being served with these findings and recommendations, Plaintiff may file written

10  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."   Plaintiff is advised that failure to file objections within the

12  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

13  1153 (9th Cir. 1991).

17         IT IS SO ORDERED.

18  **Dated:   January 4, 2011**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

4