IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACARIAS GONZALEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>GUINN, et al.,<br><br>        Defendants.<br>_____/ | 1:09-cv-02149-LJO-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY DISCOVERY/SCHEDULING ORDER<br>(Doc. 40.)<br><br>ORDER EXTENDING DISCOVERY DEADLINE FOR LIMITED PURPOSE DISCUSSED IN THIS ORDER<br><br>ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION<br><br>**New Discovery Cut-Off Date:**    05/06/2012<br><br>**New Dispositive Motions Deadline:**    07/14/2012 |

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 30, 2009. (Doc. 1.) This case now proceeds on the First Amended Complaint, filed on December 6, 2010, against defendant Guinn ("Defendant") for failure to protect Plaintiff, in violation of the Eighth Amendment. (Doc. 16.)

///

1

On July 6, 2011, the Court issued a Discovery/Scheduling Order establishing deadlines of March 6, 2012 for completion of discovery, and May 14, 2012 for the parties to file pretrial dispositive motions. (Doc. 28.) This case is presently in the discovery phase. On March 2, 2012, Defendant filed a motion to modify the Discovery/Scheduling Order to extend the discovery and dispositive motions deadlines. (Doc. 40.) Defendant's motion to modify the Discovery/Scheduling Order is now before the Court.

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendant requests an extension of the discovery deadline of March 6, 2012, to allow him to take Plaintiff's deposition. Defendant presents evidence that on February 22, 2012, Defendant's counsel ("Counsel") attempted to take Plaintiff's deposition but discovered, at the deposition, that Plaintiff does not speak English and was unable to participate in the deposition without the assistance of an interpreter. (Declaration of David Brice, Doc. 40 at 5 ¶¶2, 5, 6.) Counsel then suspended the deposition. (Id. ¶7.) Defendant also requests an extension of the dispositive motions deadline, because the preparation of Defendant's dispositive motion requires Plaintiff's deposition to be taken.

///

The Court finds that Defendant has shown due diligence in attempting to take Plaintiff's deposition before the expiration of the discovery deadline established by the Court's Discovery/Scheduling Order. Therefore, the discovery deadline shall be extended for the limited purpose of taking Plaintiff's deposition. The Court also finds that Defendant has presented good cause to extend the dispositive motions deadline. Thus, good cause appearing, Defendant's motion to modify the Discovery/Scheduling Order shall be granted.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the Court's Discovery/Scheduling Order is GRANTED;

2. The deadline for the completion of discovery is extended from March 6, 2012 to **May 6, 2012**, for the limited purpose of Defendant taking Plaintiff's deposition;

3. The deadline for filing and serving pretrial dispositive motions is extended from May 14, 2012 to **July 14, 2012**, for all parties to this action; and

3. All other provisions of the Court's July 6, 2011 Discovery/Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **March 5, 2012**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE