UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZACARIAS GONZALEZ, | ) | 1:09-cv-02149-LJO-GSA-PC |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO DESIGNATE PLAINTIFF'S BROTHER |
| vs. | ) ) | AS ATTORNEY-OF-FACT (Doc. 42.) |
| GUINN, et al., | ) ) | ORDER FOR PLAINTIFF TO FILE |
| Defendants. | ) ) ) | STATUS REPORT AND NOTICE OF CHANGE OF ADDRESS WITHIN SIXTY DAYS |
| | ) | |

Zacarias Gonzalez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 30, 2009. (Doc. 1.)

On March 15, 2012, Plaintiff filed a motion for the court to designate his brother to act as his representative in this action. (Doc. 42.) Plaintiff informs the court that he will be transferred to an INS facility on or about May 4, 2012, and that he will be deported to Mexico between May 4, 2012 and July 4, 2012. Plaintiff asserts that during this time, he will be unable to retain documents necessary to prosecute this case or contact the court in a timely manner. Plaintiff describes his brother as a person who would act in his best interest until Plaintiff is able to resume the litigation of this action.

///

1

A non-lawyer may not represent anyone but himself or herself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff is proceeding pro se in this action, which signifies that Plaintiff is acting as his own attorney in the litigation of this action. Plaintiff may not designate his brother, a non-lawyer, to substitute as his attorney-in fact. Therefore, Plaintiff's motion for the court to allow his brother to act as his representative in this action must be denied.

Plaintiff indicates that he will be transferred to another facility on May 4, 2012. Plaintiff is required to keep the court apprised of his current address-of-record. Local Rule 182(f). Plaintiff shall be required to file a status report and a notice of change of address within sixty days, notifying the court of his new address. Plaintiff is cautioned that absent such notice, service of documents at the prior address of the party shall be fully effective. See id. Moreover, Plaintiff's failure to comply with a court order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the court to allow his brother to represent him in this action is DENIED;
2. Within sixty days of the date of service of this order, Plaintiff is required to file a status report and a notice of change of address, notifying the court of his new address; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**   **March 23, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

2