# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACARIAS GONZALEZ, ) | 1:09-cv-02149 LJO GSA PC |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. ) | |
| ) | |
| CAPT. GUINN, ) | (ECF No. 31) |
| ) | |
| Defendant. ) | OBJECTIONS DUE IN TWENTY DAYS |
| _____ ) | |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is Plaintiff's motion for summary judgment.

    This is a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, a state prisoner, brings this action against Defendant Captain Guinn for failing to protect Plaintiff from an assault by another inmate. Plaintiff has filed a document titled as 'Plaintiff's Response to Defendant's Request for Interrogatories and Motion for Summary Judgment." Plaintiff seeks summary judgment in his favor on the following grounds: "the defendant has clearly violated the order of this court to cooperate in discovery, blatantly admitted wrong-doing by failure to adhere to federal rules of civil procedures, and has brazenly done nothing but try to bring their seditious

conspiracy to fruition, denying fair play and justice their due day in court." Attached to Plaintiff's motion are copies of discovery requests sent to Defendant by Plaintiff and discovery requests sent by Defendant to Plaintiff.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [a]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

With regard to Plaintiff's motion for summary judgment, as the party with the burden of persuasion at trial, Plaintiff must establish "beyond controversy every essential element of its" his affirmative claims. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (quoting W. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)). The moving party's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Plaintiff makes no argument that addresses the above standard. Plaintiff makes no reference to the allegations in the complaint, and fails to refer the Court to any evidence that is the basis of his motion. Plaintiff, as the moving party, is required to establish every element of his claim, showing that there is no disputed issues of fact. Plaintiff's motion consists of generalized argument and complaints about the conduct of discovery.

Further, Plaintiff has failed to refer to any specific undisputed facts, and has failed to submit a separate statement of undisputed facts. Such a statement "shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular

1  portions of any pleading, affidavit, deposition, interrogatory, answer, admission or other
2  document relied upon to establish that fact." Local Rule 260(a).
3      The Court finds that Plaintiff has failed to meet his burden on summary judgment.
4  Plaintiff may not simply submit discovery and request judgment in his favor.  Plaintiff must
5  inform the Court of the basis of his motion, and point the Court to specific evidence that supports
6  his arguments.  Plaintiff has failed to do so here.
7      Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary
8  judgment be denied.
9      These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty
11 days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within ten days after service of the objections.   The parties are advised
15 that failure to file objections within the specified time waives all objections to the judge's
16 findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
17 objections within the specified time may waive the right to appeal the District Court's order.
18 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    IT IS SO ORDERED.
24    **Dated:   July 11, 2012**             /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

28                         3