1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   ZACARIAS GONZALEZ,                     1:09-cv-02149-LJO-GSA-PC

11                          Plaintiff,      ORDER DENYING PLAINTIFF'S MOTION
                                            FOR LEAVE TO AMEND THE COMPLAINT
12          v.                              (Doc. 32.)

13                                          ORDER STRIKING LODGED SECOND
     CAPT. GUINN,                           AMENDED COMPLAINT
14                                          (Doc. 34.)

15                          Defendant.
     _____/
16

17   I.     RELEVANT PROCEDURAL HISTORY

18          Zacarias Gonzalez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights

19   action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on

20   November 30, 2009.  (Doc. 1.)  This action now proceeds with the First Amended Complaint filed

21   by Plaintiff on December 6, 2012, against Defendant Captain Guinn ("Defendant") for failure to

22   protect Plaintiff in violation of the Eighth Amendment.[1]  (Doc. 16.)  On November 8, 2011, Plaintiff

23   filed a motion seeking leave to amend the complaint.  (Doc. 32.)  On November 29, 2011, Defendant

24   filed an opposition.  (Doc. 33.)  On December 21, 2011, Plaintiff lodged a proposed Second

25   Amended Complaint.  (Doc. 34.)  Plaintiff's motion to amend is now before the Court.

26   _____

27          [1] The Court dismissed Plaintiff's claims for supervisory liability and failure to train, based on Plaintiff's
     failure to state a claim.  (Doc. 20.)  The Court also dismissed defendants Hartley, Grubb, Cate, and Recio from this
28   action, based on Plaintiff's failure to state any claims against them.  Id.  Therefore, Captain Guinn is the only
     defendant remaining in this action.

                                                    1

## II.    MOTION TO AMEND – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, Plaintiff has previously amended the complaint, and no adverse party has consented to amendment.  Therefore, Plaintiff may not amend the complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).  Before discovery is complete, a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

In his motion to amend, Plaintiff requests leave to amend the complaint to add one defendant, Facility Captain M. Godwin.  Plaintiff alleges that Captain Godwin was, and currently is, the "actual" Captain assigned to the yard on which incident at issue in this action occurred.  Plaintiff alleges that defendant Guinn, who is a Correctional Counselor, was only the "acting" Captain of the yard when the incident at issue occurred.

Defendant argues that the motion to amend should not be granted because Plaintiff did not provide a proposed amended complaint or otherwise provide sufficient information to enable Defendant to analyze the propriety of the requested amended complaint.  Defendant requests that Plaintiff be directed to file a proposed amended complaint, along with a new motion to amend the complaint, if Plaintiff still desires to add M. Godwin as a defendant to this action.

///

///

1    **III.    DISCUSSION**

2          Plaintiff now proceeds with the First Amended Complaint *only* against defendant Captain

3    Guinn, for failing to protect Plaintiff from being attacked by inmate Hyman on September 25, 2009.

4    Plaintiff alleged in the First Amended Complaint that Captain Guinn reviewed inmate Hyman's

5    Central File during Hyman's Initial Classification, and failed to notify the Housing Unit officers of

6    Hyman's history of violence, resulting in Hyman being placed in a position where he attacked and

7    harmed Plaintiff.

8          Plaintiff indicates in his motion to amend that he seeks to add Captain Godwin as a defendant

9    based on the fact that Godwin held the "actual" position of Captain of the yard where Plaintiff was

10   attacked.  Plaintiff alleges that Godwin is the "real party of interest . . . whose job description was

11   to keep Petitioner confined and safely housed within the confines of the prison's walls."  (Motion,

12   Doc. 32 at 2:5-7.)  Plaintiff seeks leave to amend the complaint to add Captain Godwin and

13   "outlin[e] the responsibilities and duties of Captain Godwin and his failures to fulfill those duties."

14   (Id. at 2:11-14.)

15         It would be futile for Plaintiff to add Captain Godwin to the complaint as a defendant based

16   merely on Godwin's job title, job description, responsibilities, and duties.  As Plaintiff was informed

17   in the Court's order of January 4, 2011, there is no respondeat superior liability, and each defendant

18   is only liable for his or her own misconduct.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).

19   (Doc. 17 at 2 ¶B.) A supervisor may be held liable for the constitutional violations of his or her

20   subordinates only if he or she "participated in or directed the violations, or knew of the violations

21   and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales

22   v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of

23   Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.

24   1997).  Plaintiff has not given any indication that Captain Godwin "participated in or directed the

25   violations, or knew of the violations and failed to act to prevent them."  Therefore, the Court finds

26   it futile to allow Plaintiff to amend the complaint as requested.

27         Plaintiff lodged a proposed Amended Complaint in this action on December 21, 2011,

28   naming as defendants Captain Guinn, Captain Godwin, and three defendants who were previously

3

dismissed from this action by the Court on February 25, 2011.  (Doc. 34.)  Plaintiff does not have leave of Court, and has not requested leave of Court, to amend the complaint in this manner. Therefore, the proposed Second Amended Complaint lodged on December 21, 2011, shall be stricken from the court's record.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for leave to amend, filed on November 8, 2011, is DENIED; and

2.     Plaintiff's proposed Second Amended Complaint, lodged on December 21, 2011, is STRICKEN from the court's record.


IT IS SO ORDERED.

**Dated:   July 26, 2012**           **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

4