1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9                  EASTERN DISTRICT OF CALIFORNIA

10

11    ZACARIAS GONZALES,                      1:09-cv-02149-LJO-GSA-PC

12               Plaintiff,                   **SUMMARY JUDGMENT NOTICE -
                                              WARNING**
13         v.
                                              ORDER REQUIRING PLAINTIFF TO FILE
14    MATTHEW CATE, et al.,                   OPPOSITION OR STATEMENT OF NON-
                                              OPPOSITION TO DEFENDANT GUINN'S
15                                            MOTION FOR SUMMARY JUDGMENT
                                              (Doc. 46.)
16               Defendants.
                                              THIRTY DAY DEADLINE
17
                                         /
18    _____

19    **I.    SUMMARY JUDGMENT NOTICE - WARNING**

20         On July 13, 2012, defendant Guinn filed a motion for summary judgment.  (Doc. 46.)

21    Pursuant to <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012), <u>Rand v. Rowland</u>, 154 F.3d 952

22    (9th Cir. 1998), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies

23    Plaintiff of the following rights and requirements for opposing the motion:

24         1. Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local

25    Rule 230(l).

26         2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendant's

27    motion for summary judgment.  Local Rule 230(l).  <u>If Plaintiff fails to file an opposition or a</u>

28    <u>statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure</u>

                                             1

1   to prosecute.  The opposition or statement of non-opposition must be filed not more than 21 days

2   after the date of service of the motion.  Id.

3         3.  A motion for summary judgment is a request for judgment on some or all of Plaintiff's

4   claims in favor of Defendant without trial.  Fed. R. Civ. P. 56(a).  Defendant's motion sets forth the

5   facts which he contends are not reasonably subject to dispute and that entitle him to judgment as a

6   matter of law.  Fed. R. Civ. P. 56(c).  This is called the Statement of Undisputed Facts.  Local Rule

7   260(a).

8         Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,

9   Plaintiff must show proof of his claims.  Plaintiff may agree with the facts set forth in Defendant's

10  motion but argue that Defendant is not entitled to judgment as a matter of law.

11        In the alternative, if Plaintiff does not agree with the facts set forth in Defendant's motion,

12  he may show that Defendant's facts are disputed in one or more of the following ways: (1) Plaintiff

13  may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a)

14  the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and

15  (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which

16  Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff

17  believes prove his claims;[1] (3) Plaintiff may rely upon written records but Plaintiff must prove that

18  the records are what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript

19  of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

20  Should Plaintiff fail to contradict Defendant's motion with declarations or other evidence,

21  Defendant's evidence will be taken as truth, and final judgment may be entered without a trial.  Fed.

22  R. Civ. P. 56(e).

23  ///

24

_____

25  [1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement
26  is competent to testify.  28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4).  A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true
27  and correct.  Executed on (date). (Signature)."  28 U.S.C. § 1746.

28  [2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party.  Fed. R. Civ. P. 56(e).

1      In opposing Defendant's motion for summary judgment, Local Rule 260(b) requires Plaintiff

2  to reproduce Defendant's itemized facts in the Statement of Undisputed Facts and admit those facts

3  which are undisputed and deny those which are disputed.  If Plaintiff disputes (denies) a fact,

4  Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition,

5  interrogatory answer, admission, or other document).  Local Rule 260(b).

6      4. If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet

7  able to present facts to justify the opposition to the motion, the Court will consider a request to

8  postpone consideration of Defendant's motion.  Fed. R. Civ. P. 56(d).  Any request to postpone

9  consideration of Defendant's motion for summary judgment must include the following: (1) a

10  declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a

11  showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for

12  summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Tatum

13  v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006);  State of California

14  v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The request to postpone the motion for summary

15  judgment must identify what information is sought and how it would preclude summary judgment.

16  Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100-01; Margolis v. Ryan, 140 F.3d 850, 853

17  (9th Cir. 1998); Local Rule 260(b).

18      5.  Unsigned declarations will be stricken, and declarations not signed under penalty of

19  perjury have no evidentiary value.

20  **II.      PLAINTIFF'S REQUIREMENT TO FILE A RESPONSE TO THE MOTION**

21      Plaintiff was required to file an opposition or a statement of non-opposition to Defendant

22  Guinn's motion for summary judgment within twenty-one days, but has not done so.  Local Rule

23  230(l).  Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff must

24  file an opposition or a statement of non-opposition to Defendant Guinn's motion for summary

25  judgment, or this action will be dismissed, with prejudice, for failure to obey the Court's order and

26  failure to prosecute.

27  ///

28  ///

3

III.   **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This order notifies Plaintiff of his rights and requirements in opposing Defendant Guinn's motion for summary judgment;

2. Within thirty days from the date of service of this order, Plaintiff shall file a response to Defendant Guinn's motion for summary judgment of July 13, 2012; and

3. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey the Court's order and failure to prosecute.

IT IS SO ORDERED.

Dated: __**August 29, 2012**__          ____/s/ **Gary S. Austin**____
UNITED STATES MAGISTRATE JUDGE